CHAUNCEY SMITH, RESPONDENT, v. ADOLPH FRANK-FIELD, APPELLANT.

*Judgment based upon former judgment against defendant — reversal of such former judgment — effect thereof.*

In an action brought to recover damages for a breach of a covenant of seizin the plaintiff, to prove the breach, put in evidence a judgment recovered by one Smith against the defendant establishing a lien in favor of Smith upon the property and a *lis pendens* filed at the commencement of that action. After a recovery of judgment by the plaintiff the judgment recovered by Smith was reversed, upon appeal, by the General Term.

Upon an appeal by the defendant from the judgment recovered by the plaintiff, and from an order denying a motion for a new trial, *held*, that a new trial should be granted upon payment by the defendant of the costs of the first trial and of this appeal, and of ten dollars costs of opposing the motion below.

APPEAL from a judgment in favor of the plaintiff entered upon the trial of this action by the court without a jury, and from an order denying a motion for a new trial made at Special Term.

This action was brought to recover damages for a breach of a covenant of seizin contained in a conveyance of certain real estate bearing date April 15, 1873, from the defendant to the plaintiff.

A notice of *lis pendens* describing the property in question had been filed April 2, 1873, in an action brought for the foreclosure of a mechanic's lien. In the latter action judgment in favor of the plaintiff and sustaining the lien was rendered in January, 1875. This action on the covenant of seizin was prosecuted to judgment and judgment rendered in favor of the plaintiff in July, 1876, the notice of *lis pendens* and judgment in the mechanic's lien case being received in evidence on the trial thereof for the purpose of establishing a breach of the covenant. From this judgment of

July, 1876, defendant appealed. After the recovery of the judgment in the action brought on the covenant of seizin, and pending the appeal therefrom, the judgment in the mechanic's lien case was reversed on appeal at the General Term.

A motion for a new trial in this action was thereupon made at Special Term pending the appeal to the General Term, which motion was denied.

*Charles Tracy*, for the appellant.

*Wm. P. Fiero*, for the respondent.

INGALLS, J. :

This cause comes before this court, under circumstances somewhat peculiar. The defendant conveyed certain land to the plaintiff by deed, containing a covenant of seizin. The plaintiff was entitled to recover by establishing a defect in the title without waiting until he should be dispossessed. He brought an action in this court against the defendant to enforce such covenant, and recovered a judgment. Upon the trial to establish a breach of the covenant the plaintiff put in evidence a judgment-roll, in an action prosecuted in this court by one Sarah H. Bostwick against the defendant herein, to enforce an equitable lien which she claimed to have against the said premises. A notice of *lis pendens* was also put in evidence, which was filed at the time of the commencement of the last-mentioned action. The judgment-roll showed a recovery by Mrs. Bostwick, in that action. Smith, the plaintiff in this action, relied upon the trial, mainly upon the judgment recovered by Mrs. Bostwick against the defendant Frankfield, and the notice of *lis pendens*, to establish a breach of such covenant.

The defendant Frankfield appealed to the General Term from the judgment rendered in favor of Sarah H. Bostwick against him, and the judgment was reversed. (See *Bostwick* v. *Frankfield*, 18 Sup. Ct. Rep. [11 Hun], 476, where the questions of law and fact are fully and ably discussed by Judge BRADY.) Pending this appeal from the judgment in favor of *Smith* v. *Frankfield*, a motion was made at Special Term, by the defendant, for a new trial, on the ground that the reversal of the judgment in the case

of *Bostwick* v. *Frankfield*, destroyed its efficacy, not only at the time of its reversal, but related back to the period of its rendition; and therefore, the ground upon which the plaintiff in this action relied to establish a breach of the covenant of seizin in his deed, wholly failed; in other words, was blotted out by such reversal. In *Hall* v. *Andrews* (65 N. Y., 572), Judge LOTT remarks: "The reversal of the judgment in defendant's favor destroyed its efficacy as a bar, as it thereby became a nullity. The reversal acted retrospectively, its practical operation being to declare, that when the judgment was interposed as a defense, it had no validity." (*Wood* v. *Jackson*, 8 Wend, 10, 36; *Briggs* v. *Bowen*, 60 N. Y., 454.) It is proper to remark, that the decision at Special Term, denying the motion for a new trial in this action was denied *pro forma*, as the order shows. From an examination of the case upon this appeal, and of the decision of the General Term, in *Bostwick* v. *Frankfield*, and the papers furnished upon the appeal from the order denying such new trial, we are convinced that this appeal can only be properly disposed of by reversing the order of the Special Term and directing a new trial, but this should be upon terms. When the plaintiff recovered his judgment, the decision in *Bostwick* v. *Frankfield*, was in force, and he was entitled to rely upon it.

The defendant appealed to this court and thereby occasioned the costs upon this appeal. We perceive that the appellant's counsel in his points, likens his application to that of a motion for a new trial on the ground of newly-discovered evidence. Such a motion is granted upon the payment of costs. (*Bailey* v. *Park*, 5 Hun, 41; 3d vol., Waite's Practice, 511.) As a condition to granting such new trial the defendant should be required to pay the costs of the plaintiff upon the trial at the Circuit, and upon this appeal, and ten dollars costs of opposing the motion at Special Term. We deem this a just disposition of this appeal.

DAVIS, P. J., and BRADY, J., concurred.

New trial granted upon defendant paying plaintiff's costs upon the trial at Circuit and on appeal, and ten dollars costs of opposing the motion at Special Term.